IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL POHL,

        Plaintiff,

vs.                                             CIVIL NO. 03-13 LH/LFG

BERNALILLO COUNTY BOARD
OF COMMISSIONERS et al.,

        Defendants.

## MEMORANDUM OPINION RECOMMENDING DISMISSAL

        THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint Due to Plaintiff's Failure to Obey an Order to Provide and Permit Discovery [Doc. 24]. The motion was filed on November 25, 2003, and Plaintiff Daniel Pohl ("Pohl") was required to respond by December 12, 2003. Pohl failed to respond and is deemed to have consented to the grant of the motion. D.N.M.LR-Civ. 7.1(b). Apart from Pohl's consent to the grant of the motion, there exists an independent basis to recommend dismissal of this case.

        From the outset, Pohl and his counsel have failed at virtually every step to comply with their responsibilities under the Federal Rules of Civil Procedure. For example, the Complaint was filed on January 3, 2003. Specifically, Fed. R. Civ. P. 4 requires that service be effected within 120 days. When neither a waiver of service was received nor proof of service was submitted by May 7, 2003, the Clerk gave Pohl notice of an impending dismissal for failure to comply with Rule 4(m). Pohl and his counsel were advised that the lawsuit would be dismissed in 30 days unless good cause was shown for its retention on the Court's docket.

Pohl's counsel did not respond to the Clerk's Notice of Impending Dismissal. Prior to the expiration of the 30 days, Pohl himself submitted a packet of documents which he characterized as "probable cause documents" and urged the Court not to dismiss the case. None of the documents showed that service had been effected within the 30-day extension. Nonetheless, on June 11, 2003, the Court granted Pohl an additional 15 days, or until June 25, 2003, to complete service of the complaint on the Defendants and file appropriate proofs. On the last day of the extended period for compliance, proof of service was filed.

The Court conducted a Fed. R. Civ. P. 16 scheduling conference on August 25, 2003, and learned that notwithstanding the automatic disclosure requirements of local Rule 26.3(d), Pohl had not complied. In cases where physical, mental or emotional injury claims are at issue, the district's local rule places specific disclosure obligations on a plaintiff. The plaintiff must disclose each and every healthcare provider which he/she has seen in the preceding five years, along with the provider's name, address and telephone number. D.N.M.LR-Civ. 26.3(d)(1). Second, any record of such providers already in the plaintiff's possession must be produced. D.N.M.LR-Civ. 26.3(d)(2). Lastly, the plaintiff must execute the medical release forms as described in the local rule. D.N.M.LR-Civ. 26.3(d)(3).

At the Rule 16 conference, the Court directed Pohl's counsel to comply with the local rule's disclosure requirements within ten days.

On August 25, 2003, Pohl was served with Defendants' First Set of Interrogatories and Requests for Production. He failed to respond to the interrogatories and requests for production within the time provided by law, and further failed to obtain any extension of time within which to respond.

2

In accord with the district's motion practice rule requirement, Defendants then made a good-faith effort to obtain Pohl's compliance. Defendants sent a letter to Pohl's counsel on October 1, 2003 requesting the discovery and alerting Pohl that his failure to respond to Defendants' discovery requests would result in Defendants filing a motion to compel. Pohl's counsel did not respond.

With Defendants' efforts to secure voluntary compliance thwarted, Defendants filed a motion to compel discovery on October 10, 2003. Pohl's response to the motion was due on or about October 27, 2003. No response was filed nor did the Court receive any request from Pohl or his counsel for additional time within which to comply or to respond to the motion. Neither Pohl or his attorney gave any explanation why they failed to comply with the automatic disclosure requirements of the local rule; no explanation was offered as to why Pohl or his counsel failed to comply with the Court's directive of August 25, 2003 that this information be produced within ten days. Nor was any explanation offered as to why the motion to compel was ignored.

On November 4, 2003, the Court issued an order granting the motion to compel [Doc. 21]. It directed that Pohl (a) answer the Board's First Set of Interrogatories without objections; (b) respond to the Board's First Request for Production; and (c) provide a signed medical release and a signed psychological release, and a list of all healthcare providers whom he has seen in the previous five years. The Court directed that responses to interrogatories, responses to the requests for production and medical release forms be produced within ten days.

Because of the prior non-compliance with the rules of procedure and Court directives, the Court awarded Defendants their attorney fees as a sanction. The total fees and taxes were $198.93. As of November 5, 2003, Pohl failed to pay the attorney fees.

Notwithstanding the Court's order directing Pohl to answer interrogatories and to produce information, Pohl again failed to comply. He did not provide the discovery; he did not provide the

3

medical releases nor the information concerning healthcare providers.

Pohl's non-compliance prompted Defendants to file the present motion to dismiss. The Defendants' motion to dismiss was served on November 25, 2003. Pohl's response to the motion to dismiss was due on or about December 12, 2003. As before, neither Pohl or his attorney responded to the motion. There is no indication that Pohl or his attorney sought additional time from Defendants within which to respond to the motion nor was any request for more time presented to the Court.

It is against this backdrop that the Court considers the alternative basis for recommending dismissal. That is, dismissal as a sanction for violation of the rules of civil procedure and the Court's orders and directives.

## Imposition of Sanctions

Given this history of non-compliance, the imposition of sanctions is appropriate. The determination of which particular sanction should be imposed, however, is a fact-specific inquiry made by the Court. Fed. R. Civ. P. 37(b)(2)(C); Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988). If a lesser sanction will deter the errant party from further misconduct, then a sanction other than dismissal is utilized. Because dismissal with prejudice defeats a litigant's right of access to the courts, it is to be used as the last rather than the first resort. Id.

In Ehrenhaus, the Tenth Circuit directed that courts consider a number of factors prior to choosing dismissal as an appropriate and just sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the

4

action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 920-21. No one factor is controlling. Rather, the Court must consider all the factors and make a case-by-case determination based on the facts before it. *See* id. at 921.

### Degree of Actual Prejudice to Defendants

First, the Court considers whether Defendants have been prejudiced by Pohl's non-compliance. The prejudice is obvious. Without information concerning the evidence which Pohl has to prove his claims or, especially, without the ability to determine what witnesses or evidence may be necessary to counter Pohl's contentions at trial, Defendants are unable to effectively defend themselves against the charges. Defendants are unable to evaluate the case for settlement purposes, and if the case is one which must be tried, are unable to meet the proofs at trial, as they are without sufficient information to determine whether Pohl has evidence to support his claims and contentions.

The motion practice necessitated by Pohl's non-compliance has increased Defendants' costs and has contributed to delay. Pohl's non-compliance with Court-imposed deadlines and orders weighs very heavily in favor of the Defendants' position on this matter. Thus, the Court determines that Defendants are prejudiced by Pohl's non-compliance.

### Interference with the Judicial Process

Pohl's failure to comply with the rules of procedure has already prompted the Clerk of the Court to issue notices that would not otherwise have been necessary; required the trial judge's intervention on preliminary matters dealing with violations of Rule 4; and compelled the referral magistrate judge to deal with motions to compel, as well as motions to vacate the Rule 16 settlement conference and reset case management deadlines. As a result of Pohl's non-compliance, the Court is unable to bring this case to a conclusion within the time provided by the district's Civil Justice

5

Expense and Delay Reduction Plan.

To ensure that Defendants have adequate information to assess the claims or to defend themselves at trial, the Court is now forced to set aside the current case management deadlines and would be compelled to establish new deadlines. The delays and expense will certainly increase the costs of this litigation. Thus, the Court concludes that Pohl's failure to comply with discovery obligations and the orders of the Court have significantly interfered with the judicial process and will likely continue to interfere with the Court's ability to effectively manage this case.

### **Culpability of the Litigant**

Without any responses to the motions, the Court does not know who is primarily responsible for the non-compliance. A sanction that punishes Pohl for what may be counsel's non-compliance may be unduly harsh. The Tenth Circuit has stated, "For if the fault lies with the attorneys, that is where the impact of the sanction should be lodged." Matter of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985).

What was not provided were answers to interrogatories requested in Defendants' First Request for Production, and information concerning healthcare providers as well as the execution of medical release forms. The Court does not know if these documents were not provided because Pohl lost interest in prosecuting his case and stopped cooperating with his attorney, or if Pohl's counsel ignored the Court's directives and failed to communicate the matter to his client.

It seems more likely that this is the kind of information that Pohl's attorney would have requested from his client and not received in a timely fashion. If that is the case, then the fault lies with Pohl himself for failing to comply with his attorney's request for information.

In the past, when Pohl's counsel failed to perform some required task, i.e., effect service within 120 days, Pohl communicated directly with the Court to request more time. With reference

6

to the interrogatories, request for production of documents, and orders that healthcare providers be disclosed and releases executed, the Court has not heard from Pohl. Thus, it seems unlikely that this is a situation where it is only the attorney who has failed to perform.

Pohl's counsel, however, is also culpable. If, for example, Pohl's counsel requested certain information from his client and the client ignored those requests, Pohl's counsel would surely have sought leave to withdraw from the litigation, explaining that the client was not cooperative. Pohl's counsel's failure to bring any reasonable explanation, indeed any explanation at all, to the Court indicates culpability on the part of Pohl's counsel. So, too, counsel's failure to respond to correspondence and motions is a serious failing. Thus, the Court concludes that both Pohl and his attorney are culpable.

### Prior Warning of Possible Dismissal

The Court must then consider whether it warned the party in advance that dismissal of the action would likely be a sanction for non-compliance. While this is a factor to consider, the failure to give such a warning does not preclude dismissal when a party's conduct is egregious. Archibeque v. Atchison, Topeka & Santa Fe, 70 F.3d 1172, 1175 (10th Cir. 1995). *See also* Fed. R. Civ. P. 37 (allowing a court to dismiss an action for discovery abuses and not imposing a warning requirement prior to dismissal).

In this case, no prior warning was given, but the Court finds that the failure to give a warning should not serve to defeat Defendants' motion due to Pohl's abdication of his discovery obligations and failure to comply with express directives and orders. *See* Archibeque, 70 F.3d at 1175.

### Efficacy of Lesser Sanctions

In this case, the Court already imposed sanctions for non-compliance with discovery, and Those sanctions failed to coerce future compliance. Pohl simply failed to comply with the Court's

7

sanction order. As a result of the failure to cooperate in discovery, the Court entered an award of attorney fees in favor of Defendants and against Pohl. The Court further ordered production of materials requested within ten days. Pohl ignored both directives. It was necessary for Defendants to file a notice of attachment as a result of Pohl's failure to pay the attorney fee award.

In light of Pohl's prior failure to comply with the Court's lesser sanctions, the Court has no optimism that a sanction other than dismissal would serve to deter future errant conduct. From the outset, Pohl and his counsel have ignored reasonable requests by defense counsel to resolve disputes; have ignored letters requesting resolution or information; have ignored responsibilities imposed by the rules of civil procedure; and have ignored the Court's own orders and directives.

## Conclusion

Given these repeated failures and refusals, the Court determines that the appropriate sanction to impose in this case is dismissal with prejudice. Accordingly, this matter is referred to the trial judge with a recommendation that the lawsuit be dismissed with prejudice as an alternative ground to Pohl's consent to dismissal.[1]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. Thus, if no objections are filed by February 3, 2004, no appellate review will be allowed.